UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAISY DALRYMPLE,<br><br>    Plaintiff,<br><br>  v.<br><br>FCA US LLC, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00230-NONE-BAM<br><br>ORDER TO SHOW CAUSE RE ATTORNEY COLIN S. WELSH FOR UNAUTHORIZED PRACTICE OF LAW BEFORE THIS COURT<br><br>**FOURTEEN (14) DAY DEADLINE** |

    On February 13, 2020, this matter was removed to this Court from the Superior Court of California for the County of Fresno. (Doc. No. 1.) On February 14, 2020, the Clerk of Court issued a notice directing Colin S. Welsh, counsel for Plaintiff Daisy Dalrymple, to submit a petition to practice in this District. (Doc. No. 6.) Defendant filed a notice of settlement on May 22, 2020, and the Court ordered the parties to file appropriate papers to dismiss or conclude this action in its entirety pursuant to Local Rule 160. (Doc. Nos. 9, 10.) On August 21, 2020, the parties filed a stipulation seeking an extension of time to file dismissal documents. (Doc. No. 11.) The stipulation was signed by Mr. Welsh on behalf of Plaintiff.

    Local Rule 180 governs admission of attorneys to practice before this Court. "Admission to and continuing membership in the Bar of this Court are limited to attorneys who are active members in good standing of the State Bar of California." L.R. 180(a). Each applicant for admission must present to the Clerk a form affidavit petitioning for admission which complies with the requirements of Local Rule 180(a). L.R. 180(a)(1)-(3). Attorneys who are not active members in good standing of the State Bar of California may, upon application and in the discretion of the Court, be permitted to appear and participate in a particular case pro hac vice.

L.R. 180(b)(2).

Pursuant to Local Rule 180(d),

> "The Court may order any person who practices before it in violation of [Local Rule 180] to pay an appropriate penalty that the Clerk shall credit to the Court's Nonappropriated Fund. Payment of such sum shall be an additional condition of admission or reinstatement to the Bar of this Court or to practice in this Court."

L.R. 180(d). Local Rule 110 further provides that counsel or a party's failure to comply with the Local Rules or with any order of the Court may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court. L.R. 110.

According to the notice of removal, it appears Mr. Welsh is a member of the State Bar of California. (*See* Doc. No. 1.) However, a review of the docket and Court records indicates that Mr. Welsh has not submitted a petition for admission before this District despite appearing and participating in this action on Plaintiff's behalf.

Accordingly, Colin S. Welsh is HEREBY ORDERED to SHOW CAUSE why sanctions should not be imposed against him for failure to comply with the Local Rules and for unauthorized practice of law before the Court. Mr. Welsh shall file a written response to this order to show cause within **fourteen (14) days** of service of this order. Mr. Welsh may also comply with this order by filing an appropriate petition for admission, registering for CM/ECF, and paying the applicable fee. Copies of the form petition for admission can be found on the Court's website at http://www.caed.uscourts.gov. The Clerk of Court is further directed to serve a copy of this order on Colin S. Welsh at the offices of Kaufman & Kavicky, 140 Third Street, Los Altos, CA 94022.

<u>Failure to respond to this order to show cause may result in the imposition of sanctions.</u>

IT IS SO ORDERED.

Dated:   **August 27, 2020**         /s/ *Barbara A. McAuliffe*         
                                                                    UNITED STATES MAGISTRATE JUDGE

2